UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES EDWARD VAN NORT,<br><br>Plaintiff,<br><br>v.<br><br>M. MARTEL, et al.,<br><br>Defendants. | No. 2:18-cv-2322 DB P<br><br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. (ECF Nos. 1, 2). This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1)(B). Plaintiff alleges that he "was bucked out of his wheelchair" and hit the ground hard, breaking his glasses and cutting his right eye, and that defendants failed to provide timely medical treatment. (See ECF No. 1 at 7).

For the reasons stated below, the court shall grant plaintiff's application to proceed in forma pauperis. Plaintiff will also be given the opportunity to amend the complaint.

**I.   IN FORMA PAUPERIS APPLICATION**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). (See ECF No. 2). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II. SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp.

Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

### III. PLEADING STANDARD

#### A. Generally

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

#### B. Linkage Requirement

Under Section 1983, a plaintiff bringing an individual capacity claim must demonstrate that each defendant personally participated in the deprivation of his rights. See Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.

////

3

See Ortez v. Washington County, State of Oregon, 88 F.3d 804, 809 (9th Cir. 1996); see also Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior. Iqbal, 556 U.S. at 676 (stating vicarious liability is inapplicable in Section 1983 suits). Since a government official cannot be held liable under a theory of vicarious liability in Section 1983 actions, plaintiff must plead sufficient facts showing that the official has violated the Constitution through his own individual actions by linking each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights. Id. at 676.

Liability may be imposed on supervisory defendants under Section 1983 only if the supervisor: (1) personally participated in the deprivation of constitutional rights or directed the violations or (2) knew of the violations and failed to act to prevent them. Taylor, 880 F.2d at 1045. A sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation permits supervisorial liability. Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (citing Thompkins v. Bell, 828 F.2d 298, 303-304 (5th Cir. 1987)). Defendants cannot be held liable for being generally deficient in their supervisory duties.

**IV.    PLAINTIFF'S COMPLAINT**

Plaintiff, an inmate at California Health Care Facility ("CHCF"), names CHCF Warden M. Martel, CHCF Chief Medical Officer Paul Racavey, "medical staff" generally and "all other medical staff at CHCF D5-A" as defendants in this action. (See ECF No. 1 at 1, 5, 8-10). He alleges that defendants violated his rights under the Eighth and Fourteenth Amendments when they failed to timely treat his leg injury after a fall from his wheelchair in February 2017. (See id. at 7-9, 10-11).

Plaintiff contends that defendants' willful and intentional failure to act in a timely manner caused him great bodily harm and physical pain and suffering. (See ECF No. 1 at 6). He sues defendants in both their individual and official capacities. (See id. at 6). He seeks what appears to be $2,500,000.00 in compensatory damages and $3,000,000.00 in punitive damages from each of the defendants. (See id. at 6, 11).

4

## V. APPLICABLE LAW

"The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (internal quotation marks and citations omitted). "[A] prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, sufficiently serious; a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." Id. at 834 (internal quotation marks and citations omitted). Second, the prison official must subjectively have a sufficiently culpable state of mind, "one of deliberate indifference to inmate health or safety." Id. (internal quotation marks and citations omitted). This second prong... "is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal citations, punctuation and quotation marks omitted); accord, Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Lemire v. CDCR, 726 F.3d 1062, 1081 (9th Cir. 2013).

Whether a defendant had requisite knowledge of a substantial risk of harm is a question of fact. Farmer, 511 U.S. at 842. Thus, liability may be avoided by presenting evidence that the defendant lacked knowledge of the risk and/or that his response was reasonable in light of all the circumstances. See Farmer, 511 U.S. at 844–45; see also Simmons v. Navajo County Ariz. 609 F.3d 1011, 1017-18 (9th Cir. 2010) (requiring official be subjectively aware of serious medical need and fail to adequately respond to need to establish deliberate indifference). "Mere negligent failure to protect an inmate from harm is not actionable under Section 1983. Farmer, 511 U.S. at 835.

## VI. DISCUSSION

### A. Facts

Plaintiff states that on February 27, 2017, he "was bucked out of his wheelchair" and hit the ground hard, breaking his glasses and cutting his right eye. (See ECF No. 1 at 7). As a result, he was treated by medical staff at CHCF's hospital. (See id. at 7). Later, he was taken to San Joaquin General Hospital ("SJGH") to be treated for other medical conditions. (See id. at 7).

5

In the hospital,[1] plaintiff complained that his right hip and leg hurt and that he was unable to move his right leg. (See ECF No. 1 at 7). In response, he was told that staff "did not want to deal with [plaintiff's hip and leg problems] at [that] time." (See id. at 7) (brackets added). Plaintiff continued to complain to staff. Eventually, he was returned to prison. (See id. at 7-8).

The next day, plaintiff was taken back to the hospital[2] to receive treatment for other medical problems. (See ECF No. 1 at 8). He states that while there, he continued to complain about the fact that his right hip and leg hurt. (See id. at 8). He asserts that the medical staff at the hospital and the staff at CHCF D5-A did not take his concerns seriously. Instead, they thought he was simply trying to receive pain medication. (See id. at 8).

Eventually, a Dr. C. Monks ordered an x-ray for plaintiff. (See ECF No. 1 at 8). By the time it was determined that plaintiff had a broken leg, plaintiff had been suffering in pain for six to seven weeks. (See id. at 8-9). Surgery was performed on plaintiff's leg and hip. However, plaintiff was denied a hip replacement. Plaintiff believes one would have enabled him to live a more normal life. (See id. at 9).

Plaintiff argues that defendants' failure to timely treat his hip constituted deliberate indifference and cruel and unusual punishment in violation of his Eighth and Fourteenth Amendment rights, and that this caused him emotional and physical pain. (See ECF No. 1 at 6, 8, 11). He is suing defendant Martel because he is the warden at CHCF, and he has control over CHCF staff and medical department. (See id. at 8). He is suing defendant Racavey because he is the CMO at CHCF, he oversees its health care personnel, and he has "total control over the medical department[,] even D5-A Medical." (See id. at 8-9) (brackets added). Plaintiff is also suing "[various] other medical staff, even in D5-A." (See id. at 9).

**B. Analysis**

The claims asserted against defendants in plaintiff's complaint are not cognizable as currently presented. This is because despite the harm plaintiff states he has experienced due to

---

[1] It is unclear from the pleading to which hospital plaintiff is referring to – CHCF or SJGH. Should plaintiff file an amended complaint, this must be made clear.
[2] Here again, it is unclear to which hospital plaintiff is referring to – CHCF or SJGH.

6

defendants' failure to treat his hip and leg injuries in a timely manner, plaintiff generally asserts that defendants Martel and Racavey are liable for his harm simply because they are supervisors. In addition, plaintiff fails to identify the <u>specific</u> prison personnel who failed to treat him within a reasonable period.

### 1. Defendants Martel and Racavey

Plaintiff has effectively identified defendants Martel and Racavey as supervisors. (<u>See</u> ECF No. 1 at 9-10). Unless a supervisor is an active participant in a violation of a prisoner's rights, s/he cannot be held liable. <u>See</u> <u>Iqbal</u>, 556 U.S. at 676 (stating no liability under respondeat superior theory); <u>see also</u> <u>Jones</u>, 297 F.3d at 934 (stating active participation requirement needed); <u>Ortez</u> 88 F.3d at 809; <u>Taylor</u>, 880 F.2d at 1045 (requiring links between defendant action and deprivation).

Here, plaintiff has not stated that either defendant Martel or defendant Racavey were <u>personally</u> involved in his treatment and care. (<u>See</u> generally ECF No. 1). In addition, plaintiff's complaint does not allege that defendants knew of the medical staff's failure to properly treat plaintiff but failed to intervene. <u>See</u> <u>Taylor</u>, 880 F.2d at 1045. If, in fact, defendants were involved in his treatment and/or plaintiff can show that defendants were aware of the fact that CHCF medical staff were failing to timely treat him but did nothing, plaintiff needs to state these facts clearly in any amended complaint he files. Otherwise, the claims against defendants Martel and Racavey cannot stand, and they will be dismissed as defendants in this matter.

### 2. Defendant Medical Staff and Staff at CHCF D5-A

Plaintiff asserts that "medical staff at the [h]ospital as well as the staff at CHCF D5-A" failed to take his complaints about the pain in his hip and leg seriously." (<u>See</u> ECF No. 1 at 8) (brackets added). Presumably, the "staff" to whom plaintiff refers would be prison medical personnel who had him as their patient in February 2017; who were made aware of his hip and leg pain, and who failed to treat it during the extended period plaintiff complained about it. In order to state cognizable claims against prison staff, plaintiff must identify each staff member by name and state what s/he did or failed to do that led to plaintiff's harm. <u>See</u> <u>Ortez</u>, 88 F.3d at

////

7

809; see also Taylor, 880 F.2d at 1045. Plaintiff will be given the opportunity to do so in an amended complaint.

**VII.  OPTIONAL LEAVE TO AMEND**

Plaintiff is being given the opportunity to amend the complaint. If plaintiff chooses to file an amended complaint, it will take the place of the original complaint. See Lacey v. Maricopa Cty., 693 F.3d 896, 925 (9th Cir. 2012) (amended complaint supersedes original). Any amended complaint should observe the following:

An amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

An amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a). Plaintiff may not change the nature of this suit by alleging new, unrelated claims. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it is complete in itself without reference to any earlier filed complaint. See L.R. 220 (E.D. Cal. 2009). This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) ("The amended complaint supersedes the original, the latter being treated thereafter as non-existent."), overruled on other grounds by Lacey v. Maricopa Cty., 693 F.3d 896 (2012).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is GRANTED;

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith;

3. Plaintiff's complaint (ECF No. 1) is DISMISSED with leave to amend, and

4. Within thirty days of the date of service of this order, plaintiff shall file a first amended complaint. Failure to file an amended complaint within the time allotted may result in the dismissal of this action for failure to prosecute.

Dated: March 10, 2020

[signature]
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:13
DB/ORDERS/ORDERS.PRISONER.CIVIL RIGHTS/vann2322.scrn